**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Carmen Suarez-Smith, )<br>)<br>　　　　　　Plaintiff, )<br>　vs. )<br>)<br>BAC Home Loans Servicing, LP; et al., )<br>)<br>　　　　　　Defendants. )<br>)| Case No.: 2:11-cv-00201-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 35) filed by Defendants Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP; ReconTrust Company, N.A.; Bank of New York Mellon; and Mortgage Electronic Registration Systems (collectively, "Defendants"). *Pro se* Plaintiff Carmen Suarez-Smith has filed no opposition.

### I. BACKGROUND

In October 20111, Plaintiff's Complaint was dismissed with leave to amend by November 14, 2011. (Order, Oct. 21, 2011, ECF No. 26.) Shortly before the Order was filed, Plaintiff had filed a Notice of Appeal (ECF No. 24) of the Minute Order (ECF No. 23) notifying the parties of the disposition of the Motion to Dismiss (ECF No. 4) and that a written order would follow. Plaintiff did not file an amended pleading in the two years that followed, either before the November 14, 2011, deadline set by the Court, nor in over seven months since the final order dismissing her appeal was filed in the docket. (*See* Order on Mandate, April 17, 2013, ECF No. 34.)

### II. DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

D. Nev. R. 7-2(d). As the Ninth Circuit Court of Appeals has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Here, Plaintiff's failure to prosecute this action, to file an amended complaint, or to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits. Plaintiff has now had over two years to file an amended Complaint curing the deficiencies previously identified by Defendants and by the Court. Over half a year has elapsed since Plaintiff's appeal was dismissed by the Ninth Circuit Court of Appeals. Plaintiff has not indicated any intent to prosecute this action and has not entered any appearance since October 2011. Accordingly, the Court concludes that consideration of the factors discussed above weighs in favor of dismissal. Here, less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

Therefore, in consideration of Plaintiff's *pro se* status, the Court will dismiss Plaintiff's Complaint without prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 35) is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice.  The Clerk shall enter judgment accordingly and this case shall be closed.

**DATED** this __4__ day of December, 2013.

_____
Gloria M. Navarro
United States District Judge